**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Delu,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-01849-PHX-DLR<br><br>**ORDER** |

Pending before the Court is Plaintiff Renee Delu's motion to amend or alter the judgment, which is fully briefed. (Docs. 24, 26.) Delu requests the Court reverse its October 19, 2023 order, thereby reversing the Social Security Administration's final decision denying Delu disability benefits. For the following reasons, the Court will deny Delu's motion.

**I.　BACKGROUND**[1]

On October 19, 2023, the Court affirmed the Administrative Law Judge's ("ALJ") decision, which found that Delu was not disabled within the meaning of the Social Security Act ("SSA"). (Doc. 22.) In so holding, the Court made the following findings: (1) the ALJ properly weighed medical testimony by Dr. David Bruce and so the ALJ's step-four residual functional capacity ("RFC") determination regarding Delu's balance impairment was supported by substantial evidence, and (2) the ALJ properly considered vocational

---

[1] The Court incorporates by reference the background section from its October 19, 2023 order. (Doc. 22 at 1–2.)

expert testimony at step five and reasonably found that Delu is not disabled. (*Id.*) On November 15, 2023, Delu filed a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 24.) Defendant Commissioner of the Social Security Administration filed a response. (Doc. 26.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may grant a motion to amend or alter a judgment where: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Rule 59(e), however, is an extraordinary remedy and "should not be granted, absent highly unusual circumstances." *Id.*; *see also Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (holding that reconsideration of a court's judgment is "to be used sparingly"). Consequently, a district court has considerable discretion in granting a Rule 59(e) motion. *Turner*, 338 F.3d at 1063.

Rule 59(e) does not allow courts to consider new arguments or evidence that the moving party could have raised prior to the entry of judgment. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). Nor should Rule 59(e) be used to ask the court "to rethink what [it] had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a court's judgment is not a sufficient basis for reconsideration. *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

## III. DISCUSSION

Delu contends that this Court committed a manifest error of law and fact and so granting her Rule 59(e) motion is appropriate. Delu first points to the "essential undisputed fact" that Dr. Bruce "unambiguously" determined that Delu was a fall risk, and that this Court acknowledged as such in its order. (Doc. 24 at 2.) As an initial matter, Delu's characterization of both Dr. Bruce's opinion and the Court's order is inaccurate. The Court

specifically noted that Dr. Bruce "wavered in his opinion, first opining that Delu could 'never balance' and later opining that she would 'occasionally balance.'" (Doc. 22 at 6.) Even if Dr. Bruce had "unambiguously" determined that Delu was a fall risk, this alone would not demonstrate either that the ALJ committed error—considering that the ALJ properly afforded little weight to Dr. Bruce's opinion—or that the Court itself committed manifest error.

Moreover, Delu's broader argument is unavailing. By pointing to Dr. Bruce's opinion, Delu posits that "the question is not whether the ALJ properly found that [Delu] was limited to occasional or frequent 'balancing'" but rather whether Delu was "a fall risk at all and how this affects [Delu's] ability to work in the jobs at issue." (*Id.* at 5.) Delu then contends that her "propensity to fall" prevents her from being "competitively employable." (*Id.* at 6.) First, Delu is merely repeating the same rejected arguments she made in her initial motion for summary judgment. (*See* Doc. 19.) Second, Delu is advocating for a different interpretation of the medical evidence than that of the ALJ's. Yet, as the Court stated in its order and as is required under the law, if the "evidence is susceptible to more than one rational interpretation," a court must affirm the ALJ's decision. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). In this case, the ALJ rationally concluded that Delu could frequently balance, but that she was limited to occasionally climbing ramps and stairs and could never climb ladders, ropes, or scaffolding. (*See* AR. 1464; Doc. 22 at 5–7.) The ALJ also rationally concluded that despite this limitation, Delu could do work which exists in the national economy. Though Delu favors a more favorable interpretation of the facts, this alone does not demonstrate that the Court committed a manifest error of or law.

Delu also contends that the Court engaged in *post hoc* rationalization by concluding that the ALJ properly disregarded vocational expert testimony regarding employers' general hiring practices, as required under 20 C.F.R. § 404.1566(c). (Doc. 24 at 6–8.) Delu's argument is unpersuasive. It is true that a court may only review "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). However, where binding regulation specifically precludes an ALJ from considering a certain fact—

such as the "hiring practices of employers"—it is neither required, necessary, nor can be reasonably expected that the ALJ will articulate his or her decision not to consider such fact. Such a requirement would be redundant and would significantly lengthen ALJ determinations. In short, the Court did not *post hoc* rationalize the ALJ's decision, but merely reviewed the ALJ's decision for compliance with the applicable law and SSA requirements.

**IT IS ORDERED** that Delu's motion to amend or alter judgment (Doc. 24) is DENIED.

Dated this 4th day of January, 2024.

Douglas L. Rayes
United States District Judge